IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

    v.

MICHELE NELSON,

                        Defendant.

ORDER

06-cr-8-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On July 25, 2011, defendant Michele Nelson filed a motion pursuant to 18 U.S.C. § 3582(c)(2), asserting that she is entitled to a sentence reduction now that U.S.S.G. § 4A1.2(c)(1) has been amended to change the way in which a probation term of one year or less is treated in calculating a criminal history score. Dkt. #158. I denied her motion in an order entered on August 1, 2011, because the provision on which defendant relies has not been made retroactive. Dkt. #232.

      Now defendant has filed a notice of appeal. She has not paid the $455 fee for filing her notice of appeal that is required if she is to take an appeal from the denial of a § 3582 motion. Therefore, I construe defendant's notice as including a request for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915.

1

According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had court-appointed counsel in the criminal proceeding against her. Therefore, she can proceed in forma pauperis on appeal unless I find that her appeal is taken in bad faith. In this case a reasonable person could not suppose that the appeal has some merit, as is required in order for the appeal to be taken in good faith. As I explained in the August 1, 2011 order, defendant is not eligible for a sentence reduction under § 3582 because the sentencing guideline change has not been made retroactive. Therefore, I will deny defendant's request to proceed in forma pauperis on appeal.

Pursuant to Fed. R. App. P. 24, defendant has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. Her motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order.

ORDER

IT IS ORDERED that defendant Michele Nelson's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that her appeal is not taken in good faith. Defendant has the right to appeal this order certifying her appeal as not taken in good faith.

Entered this 25th day of August, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge